KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
KHARI J. TILLERY - # 215669
ktillery@keker.com
ANJALI SRINIVASAN - # 304413
asrinivasan@keker.com
RYLEE KERCHER OLM - # 318550
rolm@keker.com
YENA LEE - # 332190
ylee@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALI AL-AHMED,<br><br>             Plaintiff,<br><br>        v.<br><br>TWITTER, INC.; ALI HAMAD A ALZABARAH; and AHMAD ABOUAMMO,<br><br>             Defendants. | Case No. 3:21-cv-08017-EMC<br><br>**STIPULATION AND [PROPOSED] ORDER RE CORRECTING CLERICAL ERROR IN MAY 20, 2022 ORDER**<br><br>Dept.:   Courtroom 5 – 17th Floor<br>Judge:   Hon. Edward M. Chen<br><br>Date Filed: October 13, 2021<br>Trial Date: None Set |

1   Pursuant to Federal Rule of Civil Procedure 60(a), Defendant Twitter, Inc. and Plaintiff
2   Ali Al-Ahmed (collectively, "the parties") by and through their respective counsel of record,
3   hereby jointly stipulate and request as follows:
4   WHEREAS, on May 20, 2022, the Court issued an Order Granting Defendant Twitter's
5   Motion to Dismiss, Docket No. 49 ("Order");
6   WHEREAS, on page 9 of the Court's Order, the Court states: "For the foregoing reasons,
7   the Court **GRANTS** Twitter's motion to incorporate by reference Exhibit 1 and 2 but **DENIES**
8   the motion for Exhibits 3 – 5.";
9   WHEREAS, the parties agree that this appears to be a clerical error, as the Court's Order
10  otherwise indicates that it intended to grant Twitter's motion with respect to Exhibits 1 – 4, and
11  deny it only with respect to Exhibit 5.  Specifically, in the Court's discussion of Twitter's request
12  to incorporate Exhibits 3 and 4 (the notification lists), the Court stated as follows:

> These notification lists may be incorporated by reference because "the notifications submitted by [Twitter] are crucial to [Al-Ahmed's] claims that [he] never received notifications . . . [Al-Ahmed], again, do not raise in [his] Opposition any dispute as to the authenticity of these notifications." *Starks v. Geico Indem. Co*., No. CV-15-5771-MWF (PJW), 2015 WL 12942282, at *2 (C.D. Cal. Nov. 10, 2015) (incorporating by reference the notifications allegedly not received by the plaintiff). Accordingly, these exhibits may be treated as part of the Complaint under the incorporation by reference doctrine.

18  Order at 8.  Thus, the Court's Order indicates that it was granting Twitter's request with respect to
19  Exhibits 3 and 4.  *See also* Order at 17 (discussing the notification lists);
20  WHEREAS, the parties respectfully request that the Court correct the clerical error at
21  page 9, lines 15 -16, of the Order to conform with the Court's ruling that Twitter's motion is
22  granted with respect to Exhibits 1 – 4, but denied with respect to Exhibit 5 only;
23  NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND JOINTLY
24  REQUEST as follows:
25  The May 20, 2022 Order shall be corrected at page 9, lines 15 - 16, of the Order, such that
26  it reads as follows:
27  "For the foregoing reasons, the Court **GRANTS** Twitter's motion to incorporate by
28  reference Exhibits 1 - 4, but **DENIES** the motion for Exhibit 5."

1

STIPULATION AND [PROPOSED] ORDER RE CORRECTING CLERICAL ERROR IN MAY 20, 2022 ORDER
Case No. 3:21-cv-08017-EMC

1860371

1  IT IS SO STIPULATED.

2  Dated: June 2, 2022                                                KEKER, VAN NEST & PETERS LLP

4                                                       By:   */s/Benjamin Berkowitz*
                                                              BENJAMIN BERKOWITZ
5                                                             KHARI J. TILLERY
                                                              ANJALI SRINIVASAN
6                                                             RYLEE KERCHER OLM
                                                              YENA LEE

7                                                             Attorneys for Defendant TWITTER, INC.

9  Dated: June 2, 2022                                                GERSTMAN SCHWARTZ LLP

11                                                      By:   */s/Randy E. Kleinman*
                                                              RANDY E. KLEINMAN

12                                                            Attorneys for Plaintiff ALI AL-AHMED

13                                              **ATTESTATION**

14  Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the

15  filing of this document has been obtained from the other signatories.

16  Dated: June 2, 2022                                          */s/Benjamin Berkowitz*
17                                                               Benjamin Berkowitz

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS HEREBY ORDERED:

The May 20, 2022 Order Granting Defendant Twitter's Motion to Dismiss, Docket No. 49 ("Order"), shall be corrected at page 9, lines 15 – 16, such that it reads as follows: "For the foregoing reasons, the Court **GRANTS** Twitter's motion to incorporate by reference Exhibits 1 - 4, but **DENIES** the motion for Exhibit 5."

Dated: _____

HON. EDWARD M. CHEN
UNITED STATES DISTRICT COURT